**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Richard D. Trenk, Esq. (rtrenk@trenlawfirm.com)
Robert S. Roglieri, Esq. (rroglieri@trenklawfirm.com)
*Proposed Counsel for MRPC Christiana LLC,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>MRPC CHRISTIANA LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 18-26567 (SLM) |
| MRPC CHRISTIANA LLC,<br>,<br><br>                              Plaintiff,<br><br>vs.<br><br>ACCESSPOINT FINANCIAL, INC.; CROWN BANK; ASCENTIUM CAPITAL, LLC; EDWARD DON & CO.; WELLS FARGO FINANCIAL LEASING, INC., and BCD ASSOCIATES, LLC,<br><br>                              Defendants. | Adv. Pro. No. 18-_____ (SLM)<br><br>**ADVERSARY COMPLAINT TO DETERMINE NATURE, EXTENT AND VALITDITY OF LIENS AGAINST DEBTOR'S ASSETS** |

Plaintiff MRPC Christiana, LLC, Debtor and Debtor-in-Possession (**"Plaintiff"** or **"Debtor"**), by way of adversary complaint against Defendants AccessPoint Financial, Inc., Crown Bank, Acentium Capital, LLC, Edward Don & Co., Wells Fargo Financial Leasing, Inc. and BCD Associates, LLC (**"Defendants"**), hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

2. This is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

3. Venue of this action is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

4. This Adversary Complaint is brought pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure in order to determine the validity, priority and extent of Defendants' liens against Debtor's assets and for related relief.

5. On August 17, 2018, the Debtor filed its Voluntary Chapter 11 proceedings pursuant to 11 U.S.C. § 301. The Debtor has and remains a Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

## BACKGROUND

6. Debtor owns and operates a 120-room hotel.

7. Prior to the Chapter 11 filing, various parties asserted liens and claims against the Debtor.

8. On April 16, 2018, the United State District Court for the District of New Jersey (Honorable John Michael Vazquez) entered an Order granting Crown Bank ownership and control of the membership interests in the Debtor. Civil No. 18-1530 (JMV) (SCM).

9. Upon information and belief, Crown Bank transferred the ownership interest to Crown Investments, LLC ("Crown Investments").

10. The Debtor's hotel operations are managed by Real Hospitality Group, LLC.

11. Defendant Crown Bank asserts a first mortgage lien against the Debtor's real property.

12. Crown Bank filed various UCC-1 financing statements against the Debtor's assets.

13. Defendant AccessPoint Financial, Inc. ("AccessPoint") asserts a first lien against furniture, fixtures and equipment by way an alleged UCC-1 financing statement.

14. Defendant Ascentium Capital, LLC ("Ascentium") filed a UCC-1 financing statement based upon leased equipment.

15. Defendant Edward Don & Co. ("Edward Don") filed a UCC-1 financing statement against various assets.

16. Defendant Wells Fargo Financial Leasing, Inc. ("Wells Fargo") filed a UCC-1 financing statement based upon leased equipment.

17. Defendant BCD Associates, LLC ("BCD") may assert a mechanic's lien on Debtor's real property.

18. This adversary proceeding is brought to determine nature, extent and validity of all liens against the Debtor's assets.

19. The purported UCC-1s reflected in a recent search are listed below:

| CLAIMANT | ALLEGED COLLATERAL |
|---|---|
| AccessPoint Financial, Inc.<br>One Ravinia Drive, Suite 900<br>Atlanta, GA 30346<br><br>APF – WFCF, LLC<br>Attn: ALL DIRECT SVCES<br>One Ravinia Drive, Suite 900<br>Atlanta, GA 30346 | Furniture, fixtures and equipment<br>Filed 4/15/14 |
| Crown Bank<br>27 Prince Street<br>Elizabeth, NJ 07208 | First Mortgage lien<br>UCC-1 Financing Statements filed 2/15/18 |

3

| CLAIMANT | ALLEGED COLLATERAL |
|---|---|
| Ascentium Capital, LLC<br>PO Box 301593<br>Dallas, TX 75303 | Leased equipment |
| Edward Don & Co.<br>9801 Adam Don Parkway<br>Woodridge, IL 60517 | UCC-1 Financing Statement<br>Filed 4/22/2015 |
| Wells Fargo Financial Leasing, Inc.<br>800 Walnut Street<br>MAC M0005-044<br>Des Moines, IA 50309 | Leased equipment<br>Filed 1/28/2015<br>Computers (Micros POS) |
| BCD Associates, LLC<br>1300 N. Grant Avenue, Suite 101<br>Wilmington, DE 19806 | Mechanic's lien |

## FIRST COUNT

### (Challenging the nature, extent and validity of AccessPoint's claim)

20. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

21. Plaintiff seeks to have AccessPoint prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Bankruptcy Procedure 3007.

22. The value of AccessPoint's alleged collateral needs to be fixed.

23. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant AccessPoint's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

## SECOND COUNT

### (Challenging the nature, extent and validity of Crown Bank's claim)

24. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

25. Plaintiff seeks to have Crown Bank prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

26. The value of Crown Bank's alleged collateral needs to be fixed.

27. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

28. On August 30, 2018, the Court entered the Interim Order (i) Authorizing Debtor to Obtain Postpetition Financing, (ii) Granting Liens and Superpriority Claims to the DIP Lender, and (ii) Scheduling a Final Hearing, whereby the Debtor stipulated as to Crown Bank's recorded first mortgage lien on Debtor's real property [Docket Entry No. 58].

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant Crown Bank's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

## THIRD COUNT

### (Challenging the nature, extent and validity of Ascentium's claim)

29. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

30. Plaintiff seeks to have Ascentium prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

31. The value of Ascentium's alleged collateral needs to be fixed.

32. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant Ascentium's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

### FOURTH COUNT

**(Challenging the nature, extent and validity of Edward Don's claim)**

33. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

34. Plaintiff seeks to have Edward Don prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

35. The value of Edward Don's alleged collateral needs to be fixed.

36. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant Edward Don's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

### FIFTH COUNT

**(Challenging the nature, extent and validity of Wells Fargo's claim)**

37. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

38. Plaintiff seeks to have Wells Fargo prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

39. The value of Wells Fargo's alleged collateral needs to be fixed.

40. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant Wells Fargo's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

### SIXTH COUNT

### (Challenging the nature, extent and validity of BCD's claim)

41. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

42. Upon information and belief, BCD may assert a mechanics lien against Debtor's real property.

43. Plaintiff seeks to have BCD prove the nature, extent and validity of its lien pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

44. The value of BCD's alleged lien needs to be fixed.

45. The Debtor seeks a determination declaring the priority, value and extent of any liens against Debtor's assets.

**WHEREFORE**, the Plaintiff demands judgment fixing the nature, extent and validity of Defendant BCD's alleged lien and granting such other and further relief as the Court deems just, appropriate, and equitable.

                                              **TRENK, DiPASQUALE,**
                                              **DELLA FERA & SODONO, P.C.**
                                              *Proposed Counsel for MRPC Christiana LLC,*
                                              *Debtor and Debtor-in-Possession*

By:    */s/ Richard D. Trenk*
               Richard D. Trenk

Dated:  September 4, 2018

4820-9392-6513, v. 1

8